IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TRINA HARVEY,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. 3:23-cv-00324
                                       )        JUDGE RICHARDSON
THORNTONS, LLC, ET AL.,                )
                                       )
                    Defendants.        )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the "Motion to Dismiss" (Doc. No. 34) filed by Defendant Landscape Services, Inc. ("LSI"), accompanied by a memorandum of law in support (Doc. No. 34-1, "LSI's Memorandum"), whereby LSI seeks dismissal of this action for lack of subject-matter jurisdiction. Disappointingly, Defendant purported to file the Motion to Dismiss "pursuant to Rule 12.02(1) of the TENNESSEE RULES OF CIVIL PROCEDURE." (Doc. No. 34). But those rules of course are inapplicable in federal court, and so the Court treats the Motion to Dismiss as filed under the *federal* rule authorizing a motion to dismiss for lack of subject-matter jurisdiction, i.e., Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Notably, LSI's Memorandum makes clear (although the Motion to Dismiss does not) that in moving to dismiss for lack of subject-matter jurisdiction, LSI is seeking dismissal only of itself, and not the entire case. In fact, LSI's point is that this Court *will* have subject-matter jurisdiction over the case—provided that LSI is dismissed as requested.

Plaintiff and LSI's co-Defendant, Thorntons, LLC (hereinafter, "Thornton's")[1] each filed

a response in opposition to the Motion to Dismiss. (Doc. Nos. 36, 37). LSI thereafter filed a reply

in support of the Motion to Dismiss. (Doc. No. 37).

PROCEDURAL BACKGROUND

LSI's Memorandum contains the following summary of the procedural history relevant to

the Motion to Dismiss:

> This lawsuit arises from a fall suffered by the Plaintiff on March 12, 2022.
> Plaintiff initially filed this personal injury lawsuit in the Circuit Court of Sumner
> County, Tennessee against Defendant Thornton's LLC ("Thornton's") on March 8,
> 2023, shortly before the expiration of Tennessee's statute of limitations on personal
> injury actions [Doc 1-2]. Thornton's removed the suit to this Court on April 11,
> 2023. [Doc. 1-3] Thornton's answered the Complaint on April 14, 2023 and
> asserted comparative fault against "third parties over which [Thornton's] had no
> control or right to exercise such control" as an affirmative defense. [Doc. 6,
> PageID# 32].
>
> On January 12, 2024, the Plaintiff and Thornton's filed a joint motion
> allowing Thornton to amend its answer. [Doc 21]. The Amended Answer revised
> Thornton's Fourth Affirmative Defense to specifically name LSI as the third party
> against whom it was asserting comparative fault. [Doc. 23] The amendment noted
> that LSI was Thornton's ice and snow vendor. [Doc. 23, PageID#110] The Court
> granted the Motion. [Doc. 22]
>
> On February 12, 2024 (nearly two years after she fell) the Plaintiff, without
> leave of Court, filed an Amended Complaint to assert claims against LSI [Doc. 24].
> Plaintiff noted that LSI is a Tennessee corporation doing business in Sumner
> County, Tennessee. [Doc 24, ¶ 1.3], destroying diversity jurisdiction

(Doc. No. 34-1 at 1-2). The Court accepts this summary as accurate.[2] The Court also accepts as

valid the assertion that the addition of LSI destroyed diversity of citizenship (since Plaintiff and

now one defendant, LSI, are citizens of Tennessee), and notes that the sole basis of subject-matter

---

[1] The Court herein includes an apostrophe in this name for the sake of consistency, because LSI did so in the block quote.

[2] As discussed below, however, the Court rejects any implication here that Plaintiff was required to obtain leave of Court to file the Amended Complaint (Doc. No. 24).

jurisdiction in this Court (jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship) thereby evaporated.

The Court will endeavor to set forth below the parties' respective arguments. But it provides the caveat that it found the parties' positions inexact and at times difficult to comprehend as to important specifics, largely (though not exclusively) because for whatever reason they did not expressly deal with the reality that the filing of the Amended Complaint absolutely was authorized as a matter of Rule 15—meaning that the starting point for the analysis is that LSI *has been joined*, at least as a matter of Rule 15—and that the analysis must proceed from there by addressing whether joinder somehow gets undone even though proper at least as a matter of Rule 15.

In LSI's Memorandum, LSI additionally asserts that it was impermissible for Plaintiff to add LSI as a defendant via an amended complaint under Rule 15 of the Federal Rules of Civil Procedure because (according to LSI) Rule 15 "does not apply [and thus cannot authorize the filing of an amended pleading] when a party attempts to destroy subject matter jurisdiction through an amended pleading." (Doc. No. 34-1 at 3). LSI does not appear to argue that leave of court was required *as a matter of Rule 15* and that therefore the Amended Complaint was improper under Rule 15 given the lack of leave of court for its filing. Instead, Defendant's argument is that even if the filing of the Amended Complaint was otherwise proper (despite the lack of leave of court) as a matter of Rule 15, the Amended Complaint's purported joinder of LSI as a defendant nevertheless should be rejected because (according to LSI): (i) "[c]ourts have the power to refuse post-removal joinder of a nondiverse party even if it resulted from the filing of an amended complaint [for which leave of court was not required]"; and, relatedly (ii) "[t]he Court has the

authority to reject a post-removal joinder that destroys diversity jurisdiction." (Doc. No. 34-1 at 3).

LSI's Memorandum goes on to set forth two reasons why (according to LSI) the Court should reject this joinder. First, LSI asserts that 28 U.S.C. § 1447(e) is applicable here, *to the exclusion of Rule 15*, and required that Plaintiff seek leave of court before adding a non-diverse party (here, LSI) post-removal—something that Plaintiff undisputedly did not do. (*Id.* at 3-4).

Second, noting that Rule 21 allows the court "on motion or on its own . . . at any time, on just terms, [to] add or drop a party," Fed. R. Civ. P. 21, LSI asserts (without citation of any authority) that a court can "dismiss dispensable parties in order to preserve diversity," (*id.* at 4). What's more, according to LSI, the Court should "dismiss the unauthorized amended complaint against it,"[3] (*id.*), by which LSI apparently means "drop LSI as a party to this action"—under Rule 21 because LSI is a supposedly dispensable party. (The Court notes that this is not an argument for rejecting joinder in the first place, but rather an argument to dismiss a party that has been joined). In support of its assertion that LSI is a dispensable party, LSI cites what it asserts is the applicable test for determining whether a party is indispensable under Rule 19.[4] According to LSI,

---

[3] The Court cannot tell what exactly LSI means here by calling the Amended Complaint "unauthorized." But if LSI means that the Amended Complaint was not authorized as a matter of Rule 15, or that the Amended Complaint was improper under Section 1447(e) even if it was not problematic under Rule 15, the Court rejects that argument as indicated herein.

[4] Rule 19 governs the joinder of what, for short, the Rule calls a "required party," Fed. R. Civ. P. 19(a)(1), and LSI and some courts call a "necessary" party (the term that the Court will use herein, at least when not quoting some other source). Rule 19(a)(1) defines the circumstances under which a person (natural or artificial) constitutes a necessary party; Rule 19(b) addresses what must be done if a necessary party *can* be joined (i.e., is subject to service of process and will not deprive the court of subject-matter jurisdiction if joined), and alternatively what to do if the necessary party cannot be joined (i.e., if it is not "feasible" to do so, in the words of Rule 19(b)). *See Fla. Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, 859 F.3d 1306, 1316 (11th Cir. 2017) ("Rule 19(a) lays out the standards for determining whether a party is "required" by virtue of its interest in or importance to the action, and Rule 19(b) provides factors for a court to consider in determining whether, 'in equity and good conscience,' the action may proceed [without a required party] when a required party cannot be joined."). If a necessary party can be joined, it *must* be joined. If the necessary party cannot be joined, then the case should either be dismissed in its entirety or proceed without the necessary party. Fed. R. Civ. P. 19(b). Notably, a necessary party is deemed a party that cannot be joined if its joinder would destroy the court's subject-matter jurisdiction. *See, e.g., id.; Ahmed v. Khanijow*, No. 11-11887, 2011 WL 3566621, at *9 (E.D. Mich. Aug. 15, 2011)).

application of this (three-part) test shows that LSI is a merely a dispensable party because it is not even a "necessary" party, which is the first requirement for being an "indispensable" party.

Plaintiff filed a response (Doc. No. 36) to the Motion to Dismiss, wherein she agreed that the addition of LSI as a defendant had destroyed diversity of citizenship so as to divest the Court of jurisdiction. *Id.* at 4. As a result, Plaintiff asserted, the Court is required under 28 U.S.C. § 1447(c) to remand the case to state court. (*Id.*) Then, although conceding that the Court had the discretion "deny joinder of [the] nondiverse party"—so as to preserve the jurisdiction of this Court that had been destroyed by the joinder purportedly effectuated by the Amended Complaint[5]— Plaintiff asserted that upon application of the four-factor test under Section 1447(e) for whether to allow joinder of a non-diverse defendant, the Court should decline to deny joinder of LSI. (*Id.*).

---

If a required party cannot be joined, a determination has to be made whether the action (i) should proceed without the necessary party or, instead (ii) cannot "in equity and good conscience" proceed and therefore must be dismissed. If (ii) is the case, the necessary party is typically referred to as an "indispensable" party. *See Fla. Wildlife Fed'n*, 859 F.3d at 1317 (noting that if an "action should be dismissed in equity and good conscience' [quoting Fed. R. Civ. P. 19(b)] for lack of [a necessary party's] involvement, then the necessary party "is a party traditionally labeled 'indispensable.'"). Notably, although one might consider the terms "indispensable" and "necessary" (and, for that matter, "required") generally to be synonymous, they are not synonymous in this context; as just indicated, not all "necessary (i.e., "required") parties constitute necessary parties.

LSI appears to claim that the test for what is an indispensable party under Rule 19 is applicable to whether LSI should be dismissed under Rule 21 by virtue of being what LSI calls a "dispensable" party—a term that (to the Court's knowledge) is not a technical term but apparently here is used to mean "not indispensable." LSI does not appear to claim that Rule 19 is otherwise applicable here, and any such claim would make no sense. Rule 19 applies only in the case of a necessary (i.e., "required") party, and LSI's view is that it is *not* a necessary party. So LSI's view must be that Rule 19 is otherwise inapplicable—i.e., applicable only to the extent that it sheds light on whether LSI should be dismissed under Rule 21 because (in LSI's view) LSI is a dispensable party.

Notably, LSI could have taken the position that: (i) it is a necessary party under Rule 19(a); (ii) it cannot be joined (i.e., its joinder is not feasible because it would destroy subject-matter jurisdiction); and (iii) therefore under Rule 19(b) the case should be dismissed in its entirety (if LSI is an indispensable party) or should proceed without LSI (if LSI is not an indispensable party). But LSI did not do so, perhaps due to legitimate questions as to whether Rule 19, in addition to Rule 15 and/or 28 U.S.C. § 1447(e), is even applicable in the case of a post-removal amendment to the Complaint under Rule 15 that destroys diversity of citizenship. Except for the limited purpose for which LSI has invoked Rule 19, no party has asserted the applicability of Rule 19, and so the Court's analysis focuses only on Rule 15 and Section 1447(e), as well as the fraudulent-joinder doctrine.

[5] Plaintiff's position here is illustrative of what the Court perceived as a consistent problem in the parties' briefing: the parties were not clear enough as to their respective views as to whether they view joinder as having already occurred under Rule 15 (in which case LSI would have to somehow "undo" the already completed joinder) or whether they view the joinder under Rule 15 as merely aspirational on Plaintiff's part and thus incomplete unless and until such potential joinder somehow is approved by the Court pursuant to Section 1447(e) or otherwise.

Thornton's also filed a response (Doc. No. 37) to the Motion to Dismiss. Although Thornton's was the party that got this case into this Court in the first place, for whatever reason(s) it does not believe that the case in its current posture should remain in this Court. Thornton's made the important observation that (unlike the undersigned, as it turns out) "the Sixth Circuit has not directly addressed the interplay between amendments made under Rule 15 and post-removal joinder under § 1447." (*Id.*) But whatever that interplay, Thornton's asserted, "Plaintiff properly complied with Rule 15 [in amending the complaint], and . . . this Court should [under the applicable four-factor judicial test for applying Section 1447(e)] permit joinder of Landscape Services and remand this case to State Court under § 1447(e)." (*Id.*).

In its reply, LSI reiterated its view that as between (i) dismissing LSI and allowing the case to proceed; and (ii) not dismissing LSI and remanding the case to state court due to its continuing presence as a non-diverse defendant, the Court should choose the former option. In support of that view, LSI asserted multiple alleged circumstances, none of which the Court need describe in order to resolve the Motion to Dismiss.

## GENERAL PRINCIPLES CONCERNING REMOVAL AND REMAND

There are two basic types of subject-matter jurisdiction: federal question jurisdiction and diversity of citizenship (also known as simply "diversity") jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction exists when the complaint presents a claim between parties who are citizens of different states and the amount in controversy on that claim exceeds $75,000. *Id.*; *see* 28 U.S.C. § 1332(a). Where appropriate, a case may be removed to federal court based on diversity jurisdiction as with federal question jurisdiction. *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014)). Under 28 U.S.C. § 1441(a), a defendant generally may remove any civil action brought in a state court to the federal district court

geographically covering where the state-court action was brought, if a federal court has original jurisdiction over the action. *City of Murfreesboro v. BFI Waste Sys. of Tenn., LLC*, No. 3:23-CV-00654, 2023 WL 6881787, at *3 (M.D. Tenn. Oct. 18, 2023) (citing 28 U.S.C. § 1441(a); *Meadows v. Douglass*, No. 3:20-CV-00355, 2020 WL 2319784, at *1 (M.D. Tenn. May 11, 2020)).

None of the parties contest that Thornton's removal to this Court was appropriate based on diversity of citizenship (but not federal question jurisdiction). The rub is that Plaintiff thereafter amended her complaint to add LSI, a non-diverse party whose joinder destroys diversity jurisdiction. This implicates a particular statute, 28 U.S.C. § 1447, which provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It also provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). These statutes raise the question of what to do when a plaintiff (like Plaintiff here) amends the complaint in accordance with Rule 15(a)(1) or Rule 15(a)(2)—which allow a plaintiff to amend the complaint even without leave of Court under certain circumstances—but the complaint (though permissible as far as Rule 15(a) in a vacuum is concerned) would destroy diversity jurisdiction by adding a non-diverse party, thus making the case untenable in federal court.

In such a situation, the conundrum is that the amended complaint was properly filed as a matter of Rule 15(a) but divests the court of jurisdiction. What is the court to do? There really are only two rational options. First, treat the amendment as invalid because it destroys the court's jurisdiction, and keep the case (minus the new party) in federal court. And second, accept the amendment as unqualifiedly valid, thereby keeping the new party in the case such that the case

must be remanded to state court. Section 1447(e) addresses this quandary, albeit not without raising the issue of the extent to which it matters that under Rule 15(a) as viewed in a vacuum, the amendment was appropriate. The issue, in other words, is how Rule 15(a) and Section 1447(e) interact with one another in this context.

Consistent with the prior paragraph, the parties all accept that, as LSI puts it, "the only issue [on the Motion to Dismiss] is whether to dismiss LSI from this lawsuit or remand the action to [state court]". (Doc. No. 39 at 1). Via the Motion to Dismiss, LSI seeks its dismissal from this action in lieu of remand to state court, while Plaintiff and Thornton's seek remand in lieu of dismissal.

<u>THE INTERPLAY BETWEEN RULE 15(a) AND 28 U.S.C. § 1447(e)</u>

The parties do not dispute that, at least to the extent that the amendment adding LSI remains cognizable, that amendment destroyed diversity of citizenship. And the Court adds that it appears indisputable that to the extent that Rule 15(a) applies, it facially authorized the amendment even without leave of court, given that the sole defendant at the time (Thornton's) gave written consent to its filing. See Fed. R. Civ. P. 15(a)(2).

What they do dispute is whether Rule 15 is even applicable to the analysis here. LSI argues that § 1447(e) is applicable here *to the exclusion* of Rule 15 (Doc. No. 34-1 at 3). Plaintiff and Thornton's each seem to suggest that Rule 15 is applicable here and in some way provides support for their position. (Doc. No. 36 at 5, 7; Doc. No. 37 at 3, 4). But Plaintiff and Thornton's each also seem to suggest that § 1447(e) is applicable. Neither offers any real explanation of the interplay between § 1447(e) and Rule 15 or how exactly application of Rule 15 helps their position if (as all parties agree) § 1447(e) also is applicable. Skipping over those issues, Plaintiff and

Thornton's each assert that joinder should be permitted under the four-factor test under § 1447(e). LSI, naturally, asserts the opposite—that under that test, LSI should be dismissed.

Shortly after the parties concluded their briefing, the undersigned issued an opinion in *Kim v. Accident Ins. Co., Inc.*, No. 3:23-CV-01220, 2024 WL 3558381, at *2 (M.D. Tenn. July 26, 2024). In *Kim*, the undersigned set forth his view of the interplay between Rule 15 and 28 U.S.C. § 1447(e), as well as the doctrine of fraudulent joinder, which always is at least potentially implication in situations like the present one. Rather than actually quote that case, the Court below instead repeats almost verbatim what it said in *Kim*,[6] which the Court maintains is sound.[7]

The relationship between Rule 15 and § 1447(e), and fraudulent joinder is an open question in the courts, with circuit splits and intra-circuit splits abounding. To understand this confusion, it is important to begin by contextualizing these rules and doctrines. Rule 15 controls (in relevant part) when a party may amend its complaint. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" if the party does so no later than the earlier of either twenty-one days after serving it or, if it requires a responsive pleading, twenty-one days after the party is served with either a responsive pleading or a motion under Rule 12(b), (e), or (f). Otherwise, a party requires the consent of the opposing party or leave of the court to amend the party's pleading. Fed. R. Civ. P. 15(a)(2). As Plaintiff did in this case, plaintiffs in prior cases have used Rule 15 amendments to add new parties to the case.

Unlike Rule 15, which potentially applies to every federal civil case, § 1447(e) and the fraudulent-joinder doctrine are provisions applicable specifically in the case of addition of new

---

[6] For the most part, the language below in this section is identical to the language in *Kim*, except that in a few places the Court has made minor edits (and also added one footnote) to *Kim* to account for the fact that unlike in *Kim*, the amendment in this case was made under Rule 15(a)(2) and not under Rule 15(a)(1).

[7] The Court also notes that it, like other courts, uses the term "as a matter of right" and "as of right" synonymously with Rule 15(a)(1)'s term "as a matter of course."

parties that would destroy diversity jurisdiction. Section 1447 is focused specifically on the procedure for joining parties in cases that have been removed from state court, and subsection (e) thereof provides, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447 does not contemplate any exception to the requirement of complete diversity; under § 1447, if a party to be joined would destroy complete diversity, then the court must either deny joinder or remand the case (with that party joined) to state court.[8] Unlike the statutory requirements of § 1447, " '[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.'" *Collins v. Bacon*, No. 1:05-CV-211, 2005 WL 2429844, at *2 (E.D. Tenn. Sept. 30, 2005) (quoting *Triggs v. John Crump Toyata, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)). Under that doctrine, a federal court disregards the citizenship of any fraudulently joined defendant when determining whether the parties are diverse for the purposes of subject matter, *id.* at *2, so that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

All of this raises the question of how each of Rule 15(a), § 1447(e), and the fraudulent fraudulent-joinder doctrine interact with one another (or do not act at all) when a court is considering the effect(s) of a post-removal addition of a non-diverse party through an amendment as a matter of course under Rule 15. More specifically, the question is whether, in that context,

---

[8] The Sixth Circuit applies a multifactor test first articulated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), to analyze whether to allow joinder (to be followed by remand of the entire case to state court) under § 1447(e). These factors are "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)).

§ 1447(e) or the fraudulent-joinder doctrine is applicable to the Court's determination of what to do with the non-diverse party and the case as a whole. There is a split of authority on this issue, as was explained helpfully and at length in *McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225 (D.N.J. 2020):

> [T]here is a sharp split of opinion as to which standard applies in the specific situation before the Court—i.e., where post-removal, a plaintiff amends her complaint as of right to add a non-diverse party—with considerable authority on both sides of the ledger. As noted in <u>Sussman v. Capital One, N.A.</u>, 2014 WL 5437079, 2014 U.S. Dist. LEXIS 151866 (D.N.J. Oct. 24, 2014):
>
> . . . .
>
>> Most courts and commentators appear to embrace the applicability of Section 1447(e) under such circumstances. Some courts, however, suggest that the fraudulent joinder analysis ... applies to determine whether parties, who are added to a complaint that has been amended post-removal, are improperly joined.
>
> <u>Id.</u> 2011 WL 1256618, at *3, 2014 U.S. Dist. LEXIS 151866, at *5-7 (collecting cases on both sides of dispute; citations omitted) . . .
>
> <u>Mayes v. Rapoport</u>, 198 F.3d 457 (4th Cir. 1999) is the leading case supporting a § 1447(e)/<u>Hensgens</u> analysis. In a frequently-cited footnote, the Fourth Circuit explains that in circumstances such as here, "§ 1447(e) conflicts with Rule 15(a), which permits a plaintiff to amend his complaint without leave of court 'before a responsive pleading is served.' " <u>Id.</u> at 462 n.11 (quoting Fed. R. Civ. P. 15(a)). The conflict arises "because, if the plaintiff can add a nondiverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder." <u>Id.</u>; <u>see also</u> <u>Mackey v. J.P. Morgan Chase Bank</u>, N.A., 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) ("[T]here is 'an inherent tension between the right to amend a complaint once as a matter of course under Rule 15(a) and the discretion conferred by § 1447(e),' as Rule 15(a) seemingly leaves no role for the court to play in determining whether a non-diverse defendant should be joined as a party.") (quoting <u>Collins v. National General Insurance Co.</u>, 2010 WL 4259949, 2010 U.S. Dist. LEXIS 113325 (E.D. Mich. Oct. 25, 2010) and citing <u>J. Lewis Cooper Co. v. Diageo North America, Inc.</u>, 370 F. Supp.2d 613, 618 (E.D. Mich. 2005)). <u>Mayes</u> answers that a cohesive reading of Rules 15(a), 19, and 21, along with § 1447(e), "resolves any doubts over whether the district court has authority to pass upon any attempts -- even those for which the plaintiff needs no leave of court -- to join a nondiverse defendant" and concludes that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was [done pursuant to an

amended pleading that generally could have been filed] without leave of court." Mayes, 198 F.3d at 462 n.11 (citing authorities).

Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309 (M.D. Ala. June 20, 2000) adds a practical consideration:

> [i]f the rule were to the contrary, that is, if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, . . . a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed.

Id. at 1313. For these reasons, these (and other) courts hold that "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action"; in other words, "[Section] 1447(e) trumps Rule 15(a)." Ascension Enters. v. Allied Signal, 969 F. Supp. 359, 360 (M.D. La. 1997) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil, § 1447 at 562 (2d Ed. 1990)). Or further sharpened, where, post-removal, a plaintiff has joined a defendant whose presence destroys diversity jurisdiction, courts should apply the Hensgens factors on a motion to remand, even if such joinder was permitted as of right under Rule 15(a)(1).

Other courts disagree and maintain that, while § 1447(e) and Hensgens apply where a party seeks to add a defendant, in circumstances (like those here) where the non-diverse defendant was joined as a matter of right, the § 1447(e)/Hensgens analysis is improper, and joinder is disallowed—and therefore, remand denied—only if the newly-added party was fraudulently joined. See, e.g., Brennerman v. Guardian News & Media Ltd., 2015 WL 9484466, at *3, 2015 U.S. Dist. LEXIS 172429 at *8-9 (D. Del. Dec. 29, 2015) ("The Third Circuit has not yet resolved this dispute," but "[d]istrict courts within the Third Circuit have distinguished between situations where the court has *discretion to permit joinder*, and those . . . wherein the *complaint is amended as a matter of right*. Those courts have determined that when a pleading is amended as a matter [o]f right, the . . . argument should be focused solely on fraudulent joinder.") (citations omitted), report and recommendation adopted, 2016 U.S. Dist. LEXIS 42923, 2016 WL 1271461 (D. Del. Mar. 30, 2016); O'Keefe v. Hess Corp., 2010 WL 3522088, at *8, n.9, 2010 U.S. Dist. LEXIS 90470, at *30-31 n.9 (D.N.J. Sep. 1, 2010) ("Following removal, requests to amend pleadings that result in the destruction of federal jurisdiction normally require consideration of numerous equitable factors (referred to as the Hensgens factors). However, when the amendment of a pleading is made as of right, . . . the court does not a [sic] consider the merits of the amendment. Thus, Defendants properly focus their argument solely on fraudulent joinder.") (citations omitted), report and recommendation adopted, 2010 U.S. Dist. LEXIS 110582, 2010 WL 4102848 (D.N.J. Oct. 15, 2010); cf. Confessore v. AGCO Corp., 2015 WL 4430472, at *4, n. 4, 2015 U.S. Dist. LEXIS 93851, at *13-14 n.4 (D.N.J. July 20, 2015) ("[T]he fraudulent joinder analysis is not appropriate here

because that standard applies in circumstances when a party has already been joined to an action. Since Plaintiff is . . . moving to add [a non-diverse party] as a defendant in this case, the proper analysis is under § 1447(e).") (citation omitted); Route 27, LLC v. Getty Petroleum Mktg., 2011 WL 1256618, at *4, n. 4, 2011 U.S. Dist. LEXIS 34375, at *9, 12 n.4 (D.N.J. Mar. 29, 2011) (rejecting § 1447(e) analysis because "section 1447(e), by its own terms, . . . encompasses only those amendments that seek[ ] to join additional defendants" and clarifying that "the standard applied to an assertion of fraudulent joinder under the diversity statute differs from that applicable to a motion to amend under 28 U.S.C. § 1447(e), where the plaintiff seeks to add, after removal, additional defendants whose inclusion would defeat diversity.") (citing cases; emphasis and quotation marks removed); Midthassel v. Aramark Corp., 2010 WL 2521977, at *4, 2010 U.S. Dist. LEXIS 59324 at *13 (D.N.J. June 15, 2010) (" '[F]raudulent joinder . . . can only be claimed if the alleged fraudulently joined party has already been joined.' [However], where Plaintiff is seeking joinder, the proofs necessary to establish fraudulent joinder have no applicability.") (quoting Conover v. United Parcel Service, 2006 WL 3534157, at *1, n.2, 2006 U.S. Dist. LEXIS 88438, at *3 n.2 (D.N.J. Dec. 7, 2006) and applying § 1447(e) analysis to motion to amend); Perth Amboy, 539 F. Supp. 2d at 754 n.2 ("Had Plaintiff simply filed an amended pleading [as of right] including claims against [the non-diverse defendant], the appropriate analysis would be one of fraudulent joinder . . . ") (citing Conover); Conover, 2006 WL 3534157, at *1 nn. 2–3, 2006 U.S. Dist. LEXIS 88438 at *3 nn.2-3, ("This is not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined . . . [After removal, plaintiff] could have simply filed his amended Complaint without leave of the Court, which would have implicated the fraudulent joinder analysis.").

*Id.* at 230-33. The court went on to adopt the second line of cases and held that fraudulent joinder

was the applicable analysis:

For several reasons, the Court agrees with the second line of cases; i.e., that fraudulent joinder, rather than 1447(e)/Hensgens, provides the proper analysis here. First is the text of § 1447(e), which reads: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). This provision is expressly limited to instances where a plaintiff seeks to add a non-diverse defendant—to the exclusion, therefore, of instances where such joinder already has occurred as a matter of right.

As aptly explained by Magistrate Judge Jeremiah J. McCarthy in Buffalo State Alumni Ass'n v. Cincinnati Ins. Co., 251 F. Supp. 3d 566 (W.D.N.Y. 2014), report and recommendation adopted, 251 F. Supp. 3d 566,7

28 U.S.C. § 1447(e) applies only where a plaintiff "seeks to join additional defendants" (emphasis added). We give the words of a statute their ordinary, contemporary, common meaning, absent an

indication Congress intended them to bear some different import. To "seek" means "to ask." . . . Here, however, plaintiffs did not "seek" leave to amend under Rule 15(a)(2). Instead, they amended "as of course" under Rule 15(a)(1), which does not require leave of court.

Id. at 575 (citations and quotation marks omitted).

. . .

Accordingly, 28 U.S.C. § 1447(e) cannot apply to defeat joinder of a party by amendment under Rule 15(a)(1), since [t]he court has no discretion to deny a timely amendment made as a matter of course.... I see nothing inherently unfair in allowing plaintiffs to join a party by amendment "as of course" in order to obtain remand.

251 F. Supp. 3d at 575-77 (citations and quotation marks omitted) (citing, e.g., Delfosse v. Continental Cas. Co., 2011 U.S. Dist. LEXIS 71085, 2011 WL 2601277, *3 (E.D. Wis. 2011)) ("[I]t is obvious that the addition of the new parties is motivated at least partly by the Plaintiff's desire to remain in state court. Forum shopping has a bad name, but in reality it happens all the time. After all, removal to federal court is itself a form of forum shopping. Within bounds, there is nothing to prevent attorneys from using the procedural rules to secure the forum of their choice"). Simply put, policy concerns cannot overcome Rule 15(a)(1)'s unambiguous grant of permission for a plaintiff to timely amend her complaint as of right, even if the upshot is avoiding § 1447(e) scrutiny.

Next, as noted, cases which opt here for a § 1447(e) analysis commonly note [their perception of some] tension, under that approach, between the statute and Rule 15(a)(1). Judge McCarthy again answers the call, writing that "I fail to see how [certain courts] can find a 'tension' between 28 U.S.C. § 1447(e) and Rule 15(a)(1) without first interpreting the text of either provision. That should be the court's initial inquiry, both as to the statute and to the Rule," and proceeding to analyze § 1447(e) and Rule 15(a)(1) as described above. Buffalo State Alumni, 251 F. Supp. 3d at 574-76 (citing authorities; quotation marks omitted).

The principle that emerges is this: while some courts have sought to resolve the tension between § 1447(e) and Rule 15(a)(1) by "insist[ing] that a plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through the liberal amendment provisions of Rule 15(a)," Mackey, 786 F. Supp. 2d at 1340 (citing cases; quotation marks omitted), this purported resolution is, in truth, better described as a mandate that the statute prevails over the Rule—as flatly stated by Ascension Enters., "[Section] 1447(e) trumps Rule 15(a)." 969 F. Supp. at 360. To declare one conflicting provision the victor over another hardly amounts to a resolution between the two.

As alluded to in <u>Buffalo State Alumni</u> though, a genuine resolution is available. That is, if Rule 15(a)(1) and § 1447(e) are read, as they must be, according to their plain language—i.e., respectively, (i) that under certain circumstances a plaintiff may amend her complaint as of right; and (ii) that a party <u>seeks</u> (that is, requests leave to) join defendants, a court may deny joinder or permit joinder and remand to State court—then there is no conflict at all. The Rule applies in one situation, the statute in another. There is no tension to be resolved in the first instance, since there is no overlapping situation where both provisions come into play; the section of the Venn diagram containing both Rule 15(a)(1) and § 1447(e) is empty. Thus, the approach embraced here works best for another reason: in considering two possible analytical frameworks, one which results in a conflict and one which does not, it seems far more sensible to adopt the latter.

Finally, the Court returns to the words of the Third Circuit that "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand <u>only</u> by demonstrating that the non-diverse party was fraudulently joined." <u>Briscoe</u>, 448 F.3d at 217; <u>Batoff</u>, 977 F.2d at 851 (emphasis added). As above, these words must be taken mean what they say, which is that in the present circumstance, the <u>only</u> way for Defendants to avoid remand is to demonstrate fraudulent joinder. This is to the exclusion of avoiding remand by way of a § 1447(e)/<u>Hensgens</u> analysis, which is of no relevance where a non-diverse defendant has been joined, and therefore of no avail to Defendants. <u>See</u> <u>Wallace</u>, <u>supra</u>, (where non-diverse party added as of right, "Section 1447(e) offers defendants no refuge").

*McDermott*, 503 F. Supp. 3d at 233–36 (footnotes omitted) (some citations omitted).

The Court agrees in large part with *McDermott*'s analysis, differing only in the textual basis for reaching the conclusion that there is no conflict between Rule 15 and § 1447(e). The *McDermott* court limited the definition of the word "seek" to mean "to ask." However, "seek" can also be understood as "to go in search of" or "to try to acquire or gain: aim at," either of which is just as applicable to an amendment taken as a matter of course. *See Seek*, MERRIAM-WEBSTER.COM DICTIONARY, https://www.merriam-webster.com/dictionary/seek (lasted visited May 30, 2024). So even though a plaintiff, when undertaking the process (such as it is) of amending its complaint either as of right under Rule 15 (a)(1) or with the written consent of the opposing party under Rule 15(a)(2)], does not need to "ask" a court to add a new party named in the amended complaint, such

a plaintiff might be said to be setting out (or "seek[ing]") to add that party.[9] Accordingly, the Court disagrees that the mere use of "seek" in § 1447(e) suffices to eliminate any possibility of a conflict between § 1447(e) and Rule 15(a)(1)—i.e., *necessarily* shows by itself that the text of Section 1447(e) never can be applicable to an amendment as a matter of right under Rule 15(a)(1) or an amendment with the opposing party's written consent under Rule 15(a)(2).[10]

Nevertheless, the Court still agrees that there is no direct conflict between the language of Rule 15 and § 1147(e), based on § 1447(e)'s provision that "the court may deny joinder, or permit joinder and remand the action to the State court." "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citations and footnote omitted). When a plaintiff amends its complaint as a matter of right or with the written consent of the opposing party under Rule 15(a), the Court must accept that amended complaint. Therefore, if the new amended complaint adds a new defendant, the court is presumptively required to permit joinder of the new defendant; this requirement effectively takes away one of the two options available to a court applying § 1447(e)—namely, denying joinder—but leaves available the other option (permitting joinder and remanding the action to state court). So Rule 15 does not *conflict* with Section 1447(e); instead, by requiring the Court to accept joinder of the new defendant, Rule 15 dictates that the Court eschew one of the two options otherwise available under § 1447(e) and

---

[9] The undersigned also believes that a party can properly deemed to be "seeking" to accomplish something even if success in such accomplishment is (or is at least supposed to be) guaranteed under the applicable rules—as when an amendment as a matter of right is made under Rule 15(a), whereby the accomplishment of the requested amendment apparently is guaranteed for any plaintiff who properly files such an amendment.

[10] And where, as here, the amendment required the written consent of the opposing party under Rule 15(a)(2), surely the plaintiff *would* have to ask the opposing party (though not the court) for consent to the filing of the amendment. In that case, the amendment would especially clearly be the result of the plaintiff "seek[ing]" to amend the complaint.

instead go with the other option (allowing joinder and then remanding to state court). So, like the other courts that saw no conflict between "seek" and "taken as a matter of right," this Court (for different reasons) sees no conflict between Rule 15 and § 1447(e). Thus, a § 1447(e) analysis would be inapplicable in this case because the Court is required to permit Plaintiff to amend the Complaint under Rule 15(a)(2) where, as here, Plaintiff has received the consent of what was then the sole opposing party, Thornton's.

Although there is no Sixth Circuit precedent that directly addresses the issues presented in this case, the Court's decision here aligns with the Sixth Circuit's discussion in *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536 (6th Cir. 2006). In that case, a motion to amend the complaint had been granted by the federal district court to name the fictitious (i.e., "John Doe")[11] defendants that had been identified during discovery. *Id.* at 539. The newly identified defendants were non-diverse. *Id.* at 543. The Sixth Circuit reasoned that although § 1447(e) facially applies to joinder, it also applies to identifying fictitious defendants after removal, so that the district court should have remanded the case for lack of subject-matter jurisdiction. *Id.* at 541. In applying § 1447(e) to the post-removal identification of fictitious defendants, the Sixth Circuit did not suggest that the lower court should have declined to allow the complaint to have been amended or should have allowed the amendment only after an evaluation of the newly identified parties under a § 1447(e) analysis. *Id.* at 540. Instead, the Sixth Circuit's reasoning was merely that in light of the amendment to the complaint, the case should be remanded. *Id.* at 543. Just as in *Curry* where the district court needed to allow the amendment identifying fictitious defendants so that claims could be brought against them, here the Court needs to allow the amendment because of Rule 15.

---

[11] *Curry* used the term "fictitious" to refer to a "John Doe" defendant. But "unnamed" would have been the more precise term here, because a complaint suing a "John Doe" defendant is not alleging that the "John Doe" defendant is "fictitious" in the sense of being non-existent, made-up, imaginary, etc.

Unlike in *Curry*, though, this case does not involve fictitious defendants properly named and joined after discovery; instead, it involves a new defendant added pursuant to an amendment under Rule 15(a)(2) after the case was removed to federal court. And the general upshot of all of the above is that: (a) joinder of such a defendant must be permitted, subject to a fraudulent joinder analysis; and (b) where such non-fraudulent joinder destroys diversity jurisdiction, the case must be remanded. All of which is to say, regarding this case in particular, that the case must be remanded (with the new defendant, LSI joined) unless LSI was fraudulently joined.

Therefore, the Court will next conduct a fraudulent-joinder analysis.

FRAUDULENT JOINDER ANALYSIS

As explained by the Supreme Court:

> A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, is one which may be removed by the defendant, if not a resident of the state in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal[.]

*Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) (citations omitted). This rule —essentially that the "fraudulent" joinder of a resident (i.e., non-diverse) defendant will not defeat a right of removal (in favor of that defendant or indeed any defendant) that otherwise would exist absent the presence of that defendant—has been called the fraudulent-joinder doctrine. *See, e.g.*, *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013). As *McDermott* correctly suggests, the fraudulent-joinder doctrine potentially can apply based not only on the joinder of a non-diverse defendant an *original* complaint, but also the joinder of a non-diverse defendant (like LSI) in a *post-removal amended* complaint

"To prove fraudulent joinder, the removing party [or, surely, a non-removing party (like LSI) that needs to establish fraudulent joinder to avoid a remand it opposes] must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493; *see also Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C*, 176 F.3d 904, 907 (6th Cir. 1999). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved?" *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks removed); *Coyne*, 183 F.3d 493 ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."). The question is an objective one into the viability of the claim against the non-diverse party, and not a subjective inquiry into the plaintiff's motive for joining the non-diverse party—as the Sixth Circuit has made clear at times (despite regrettably muddying the waters a bit at other times). *See Patel v. Henslee Chicken, LLC*, No. 3:20-CV-00281, 2020 WL 7260926, at *4 (M.D. Tenn. Dec. 10, 2020).

In answering this question, a court considering whether there has been fraudulent joinder may pierce the pleadings and consider evidence such as affidavits and deposition testimony typically considered at summary-judgment for the limited purpose of determining whether undisputed facts exist that could negate the claim. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *Copper Basin Fed. Credit Union v. Fiserv Sols., Inc.*, No. 1:11-CV-203, 2011 WL 4860043, at *3 (E.D. Tenn. Oct. 13, 2011) (quoting *Cavallini v. State Farm Mut. Ins. Auto Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

LSI does not even mention fraudulent joinder. That alone might not have been dispositive, had LSI substantively established what it needs to establish fraudulent joinder: that Plaintiff cannot

establish a cause of action against LSI under state law.[12] But LSI did not do so. Instead, LSI asserts that Plaintiff's naming it is the result of unseemly gamesmanship and collusion between Plaintiff and Thornton's, and that it is unfair for it to be injected late into this case when (according to LSI) there was no good reason for the delay. Perhaps LSI has a point here; perhaps not. But LSI cites no authority for the proposition that these circumstances are relevant to the analysis here—which, in the Court's view, as noted above, is an objective inquiry into "whether there is arguably a reasonable basis for predicting that the state law might impose liability [against LSI] on the facts involved?" *Alexander*, 13 F.3d at 949. Even if LSI did get the shaft due to some shady (not to say illegal) machinations and motives, the Court does not see how under applicable law that constitutes grounds for the particular relief (dismissal of LSI in lieu of remand) that LSI is requesting via the Motion to Dismiss.

<u>CONCLUSION</u>

Given that LSI was added as a party in way that was proper as far as Rule 15(a) is concerned, and given the Court's view of the interplay between Rule 15(a) and Section 1447(e) under the instant circumstances, LSI had to show that it was fraudulently joined, in order to be dismissed from this action. It has failed to do so. Accordingly, the Motion to Dismiss (Doc. No. 34) is DENIED,[13] and it follows that this action must be remanded to the state court from whence it came.

Accordingly, pursuant to 28 U.S.C. § 1447(c) & (e), the Clerk is DIRECTED to REMAND this case to Sumner County Circuit Court.

---

[12] The Court has assumed arguendo that if LSI could have done that, then it would not have needed also to have shown that Thornton's cannot establish a comparative fault defense against LSI.

[13] To the extent that LSI's Memorandum purports to seek relief alternatively under Rule 21, the Motion is denied as procedurally inadequate (in that LSI did not actually file a motion under Rule 21 and the other parties thus were not adequately on notice of the need to respond to a Rule 21 motion in particular) and unsupported by any citation (let alone application) of authorities concerning Rule 21.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE